Martin P. Winsor, Esq. Town Attorney, Milford
You have asked whether a current member of the town planning board may be appointed to fill a vacancy on the town board. You are concerned about whether these two offices are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town planning board has the responsibility for the development of the master plan which forms the basis for development in the town (Town Law, § 272-a); if authorized by the town board, advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a); and subdivision plans (id., § 276).
The town board is the legislative body of the town and is vested with all of the powers of the town (id., § 60).
The town board is not required to establish a planning board (id., § 271). Instead, the town board may perform the functions that otherwise would be performed by the planning board (1979 Op Atty Gen [Inf] 147, 148). It follows that there is no incompatibility between the duties of planning board member and town board member.
It will be necessary, however, that this person, while serving as a member of the town board, recuse himself from participating in any proceeding to remove any member of the planning board (see, id., § 271[1]). In our view, recusal is sufficient to remedy this conflict, which will occur infrequently.
We note that this person will not be eligible for reappointment to the planning board should he remain a member of the town board. The town board appoints planning board members. A board with appointing powers may not appoint one of its own members to a position (1987 Op Atty Gen [Inf] 47).
We conclude that the positions of town planning board member and member of the town board are compatible.